*11/10 @ 11:35 am*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/21/2016** at 02:25:13 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
Treana L. Allen, Esq. (SBN: 302922)
tallen@mahoney-mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff MARIO ZAMARRIPA, as an individual and on behalf of all similarly situated employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF ORANGE

| | |
|---|---|
| MARIO ZAMARRIPA, as an individual and on behalf of all similarly situated employees, <br><br> Plaintiff, <br><br> v. <br><br> MONDELĒZ GLOBAL, LLC and DOES 1 through 50, inclusive, <br><br> Defendant. | Case No.: 30-2016-00882772-CU-OE-CXC <br> Judge Kim G. Dunning <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION** <br> CX-104 <br><br> 1. Failure to Pay Overtime Wages; <br> 2. Failure to Provide Meal Periods; <br> 3. Failure to Provide Rest Periods; <br> 4. Failure to Keep Accurate Payroll Records; <br> 5. Failure to Pay Wages Upon Ending Employment; <br> 6. Failure to Indemnify for Expenditures; <br> 7. Unfair Competition (Business and Professions Code § 17200 et seq.); and <br> 8. Violation of Labor Code §§ 2698-2699 (Private Attorneys' General Act). <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MARIO ZAMARRIPA (hereinafter "ZAMARRIPA" or "Plaintiff") on behalf of himself and all others similarly situated, complains and alleges as follows:

## I.

## **INTRODUCTION**

1.      This is a class action brought on behalf of Plaintiff MARIO ZAMARRIPA and the class he seeks to represent (hereinafter "Plaintiff Class"), as defined herein, as all non-exempt employees, employed by or formerly employed by, Defendant MONDELĒZ GLOBAL, LLC, (hereinafter "MONDELĒZ" or "Defendant") in the positions of merchandisers, sales representatives, and related positions in the state of California, from October 21, 2012 until judgment in this matter.

2.      Plaintiff individually and on behalf the class he seeks to represent, seek relief against Mondelēz for the failure to pay all wages due in violation of Cal. Labor Code §§ 510 and 1194, including both regular and overtime wages; the failure to provide meal and rest periods or compensation in lieu thereof pursuant to Cal. Labor Code §§ 226.7, 512, sections 11 and 12 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11000 et seq.; the failure to pay wages of terminated or resigned employees pursuant to Cal. Labor Code §§ 201, 202, 203; the failure to provide accurate itemized wage statements upon payment of wages pursuant to Cal. Labor Code §§ 226(a), 1174, 1175, and applicable  IWC Wage Orders. Plaintiff further seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under the Bus. & Prof. Code §§ 17200 et seq. for unfair business practices.

3.      The "Class Period" is defined as the four (4) years prior to the filing of the Complaint through the date final judgment is entered. Plaintiff reserves the right to amend this Complaint to reflect a different "Class Period" as further discovery is conducted.

4.      At all relevant times herein, MONDELĒZ and each Defendant, have consistently maintained and enforced against Plaintiff and Plaintiff Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiff and Plaintiff Class for all hours worked, including both regular and overtime; b) willfully refusing to permit Plaintiff and Plaintiff Class from taking meal and/or rest periods or compensation in lieu thereof; c) willfully refusing to compensate

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

1  Plaintiff and certain members of the Plaintiff Class wages due and owing at the time Plaintiff's
2  and Plaintiff Class' employment with Defendants ended; d) willfully refusing to furnish to
3  Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages; and e)
4  willfully refusing to reimburse Plaintiff and Plaintiff Class members for business expenses.

5                        **JURISDICTION AND VENUE**

6          5.   Venue is proper in this Judicial district and the County of Orange, because the
7  Defendant maintain their locations and transact business in this county, the obligations and
8  liability arise in this county, and work was performed by Plaintiff and members of the proposed
9  class made the subject of this action in the County of Orange, California.

10         6.   The California Superior Court has jurisdiction in the matter because the individual
11 claim is under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal
12 Court. Further, there is no federal question at issue as the issues herein are based solely on
13 California Statutes and law including the California Labor Code, Industrial Welfare Commission
14 Wage Orders, Code of Civil Procedure, Rules of Court, and Business and Professions Code.

15                              **THE PARTIES**

16 **A.    The Plaintiff**

17         7.   Plaintiff at various relevant times herein, was an employee of the Defendant and
18 entitled to compensation for all hours worked, overtime compensation, and penalties from
19 Defendant. Plaintiff was initially hired by Defendant on or about February 2011 in the position
20 of merchandiser. Plaintiff was again hired by Defendant on or about February 2015 in the position
21 of sales representative. At all times during Plaintiff's employment he qualified as a non-exempt
22 employee entitled to applicable meal and rest breaks, as well as overtime per the California Labor
23 Code. Each of the Plaintiff Class members are identifiable, current and/or formerly similarly
24 situated persons who were employed in non-exempt positions as including but not limited to
25 merchandisers, sales representatives and related positions in California for the Defendant during
26 the Class Period.

27 / / /

28 / / /

**B.     The Defendant**

8.     Plaintiff is informed and believes, and based thereon alleges that, "MONDELĒZ" is a limited liability company, and is and/or was the employer of the Plaintiff and Plaintiff Class during the Class Period.  During the liability period, Defendant employed Plaintiff and similarly situated persons and failed to pay Plaintiff and Plaintiff Class for all hours worked as a result of working off the clock, overtime premium for overtime hours worked, failed to provide meal periods or pay a meal period penalty in lieu of, failed to provide rest periods or pay a rest period penalty in lieu of, and failed to pay due and owing wages upon ending of employment for employees within California. On information and belief, and based thereon alleges that Defendant is conducting business in good standing in California.

9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendant sued herein as DOES 1 through 50, inclusive, but on information and belief allege that said Defendant is legally responsible for the payment of overtime compensation, rest and meal period compensation and/or Cal. Labor Code § 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

10.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant.

## GENERAL ALLEGATIONS

11.     California Labor Code section 1194 provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

12.     Further, Business and Professions Code § 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction.  Business

- 4 -

1  and Professions Code § 17204 provides that any person who has suffered actual injury and has

2  lost money or property as a result of the unfair competition may bring an action in a court of

3  competent jurisdiction.

4         13.     During all, or a portion of the Class Period, Plaintiff and each member of the

5  Plaintiff Class was employed by the Defendant and each of them, in the State of California.

6  Plaintiff and each of the Plaintiff Class members were non-exempt employees covered under one

7  or more Industrial Welfare Commission (IWC) Wage Orders, and Cal. Labor Code § 510, and/or

8  other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not

9  subject to an exemption for executive, administrative and professional employees, which imposed

10  obligations on the part of the Defendant to pay Plaintiff and Plaintiff Class members lawful

11  overtime compensation.  Plaintiff and Plaintiff Class were covered by one or more Industrial

12  Welfare Commission (IWC) Wage Orders, and Labor Code § 226.7 and other applicable wage

13  orders, regulations and statutes which imposed an obligation on the part of the Defendant to pay

14  Plaintiff and Plaintiff Class rest and meal period compensation.

15         14.     During the Class Period, Defendant was obligated to pay Plaintiff and Plaintiff

16  Class members for all hours worked.

17         15.     During the Class Period, Defendant was obligated to pay Plaintiff and Plaintiff

18  Class members overtime compensation for all hours worked over eight (8) hours of work in one

19  (1) day or forty (40) hours in one (1) week, and double-time for hours worked in excess of twelve

20  (12) in one day.

21         16.     During the Class Period, Defendant was obligated to provide Plaintiff and Plaintiff

22  Class with a work free meal and/or rest period(s)

23         17.     Plaintiff and each Plaintiff Class member primarily performed non-exempt work

24  in excess of the maximum regular rate hours set by the IWC in the applicable Wage Orders,

25  regulations or statutes, and therefore entitled the Plaintiff and Plaintiff Class members to overtime

26  compensation at time and a half rate, and when applicable, double time rates as set forth by the

27  applicable Wage Orders, regulations and/or statutes.

28         18.     Plaintiff Class members who ended their employment during the Class Period, but

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

1    were not paid the above due compensation for all hours worked, overtime compensation timely

2    upon the termination of their employment as required by Cal. Labor Code §§ 201-203, and is

3    entitled to penalties as provided by Cal. Labor Code § 203.

4       19. During the Class Period, the Defendant and each of them, required the Plaintiff

5    and Plaintiff Class members to work off the clock as well as overtime without lawful

6    compensation, in violation of the various applicable Wage Orders, regulations and statutes, and

7    the Defendant: (1) willfully failed and refused, and continue to fail and refuse to pay

8    compensation for all hours worked, lawful overtime compensation to the Plaintiff Class members;

9    and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages

10   promptly upon termination of employment to Plaintiff and certain Plaintiff Class members.

11      20. During the Class Period, Defendant, and each of them failed and/or refused to

12   schedule Plaintiff and Plaintiff Class in an overlapping manner so as to reasonably provide meal

13   and/or rest breaks and/or shift relief for Plaintiff and Plaintiff Class, thereby causing members of

14   the Plaintiff Class to work without being given paid ten (10) minute rest periods for every four

15   (4) hours or major fraction thereof worked and without being given a thirty (30) minute meal

16   period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of

17   at least ten (10) hours during which Plaintiff Class were relieved of all duties and free to leave

18   the premises. Defendants further failed and/or refused to schedule Plaintiff and Plaintiff Class in

19   an overlapping manner so as to reasonably ensure meal and/or rest breaks were taken within the

20   required statutory time frame as required by law. Furthermore, Defendant failed and/or refused

21   to pay any Plaintiff Class one (1) hour's pay at the employees' regular rate of pay as premium

22   compensation for failure to provide rest and/or meal periods or to providing such rest and/or meal

23   periods within the statutory time frame as a result of their scheduling policy.

## CLASS ALLEGATIONS

25      21. Plaintiff brings this action on behalf of himself and all other similarly situated

26   persons ("Plaintiff Class"), as a class action pursuant to California Code of Civil Procedure § 382.

27   The Plaintiff Class is composed of and defined as follows: all non-exempt employees, employed

28   by or formerly employed by, Defendant in the positions of merchandisers, sales representatives,

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

and related positions in the state of California, from October 21, 2012 until judgment in this matter:

    a.   All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided;

    b.   All persons who are employed or have been employed by Defendant in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a rest period for every four hours or major fraction thereof worked per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided;

    c.   All persons who were employed by Defendant in the State of California who, for the three (3) years prior to the filing of this class action to the present have worked as non-exempt employees and have been terminated or resigned, and have not been paid wages pursuant to Cal. Labor Code § 203 and are owed restitution for waiting time penalties for unpaid wages;

    d.   All persons who were employed by Defendant in the State of California who, for the four (4) years prior to the filing of this class action to the present have worked as non-exempt employees and were not paid all wages owed, including but not limited to overtime;

    e.   All persons who were employed by Defendant in the State of California who, for the four (4) years prior to the filing of this class action to the present have worked as non-exempt employees and were not provided an accurate payroll record as required under Cal. Labor Code § 226 and Cal. Labor Code § 1174;

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

f.  All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period to be determined and who suffered injury, including lost money, as a result of Defendant's unfair competition; and

g.  All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period to be determined and who are entitled to recover from Defendant unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties, attorneys' fees and costs under Cal. Labor Code §§ 2698 and 2699.

22.  Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the Plaintiff Class description with greater specificity or further division into subclasses or limitation to particular issues.

23.  This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

24.  This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)  The questions of law and fact common to the Plaintiff Class predominate over any question affecting only individual members;

(b)  A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Plaintiff Class;

(c)  The Plaintiff Class is so numerous that it is impractical to bring all member of the Plaintiff Class before the Court;

(d)  Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in

- 8 -

obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Plaintiff Class;

(f)   There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Plaintiff Class for the injuries sustained;

(g)   There is a community of interest in ensuring that the combine assets and available insurance of the Defendant is sufficient to adequately compensate members of the Class for the injuries sustained;

(h)   Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

   (1)   Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standard of conduct for the Defendant; and/or

   (2)   Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendant(s); and

(i)   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(Plaintiff and Plaintiff Class Members against all Defendants)**

25.   Plaintiff and Plaintiff Class incorporate paragraphs 1 through 24 of this Complaint as if fully alleged herein.

26.   Plaintiff and Plaintiff Class members regularly worked over eight (8) hours per

- 9 -

day and forty (40) hours per week.  Defendant failed to pay Plaintiff and Plaintiff Class members overtime premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendant.  Defendant failed to include all remuneration for the purposes of determining Plaintiff and Plaintiff Class' regular rate.  As such, Defendant failed to compensate Plaintiff and Plaintiff Class the proper overtime rate. Plaintiff and Plaintiff Class seek overtime in an amount according to proof.  Pursuant to Cal. Labor Code § 1194, the Plaintiff Class members seek the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this Complaint, according to proof.

27.     Additionally, Plaintiff and Plaintiff Class members are entitled to attorneys' fees, costs, pursuant to California Labor Code § 1194 and prejudgment interest.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Plaintiff Class Member against all Defendants)

28.     Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 27 as if fully alleged herein.

29.     California Labor Code sections 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

30.     California Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

31.     Defendant, and each of them, failed to schedule non-exempt employees in an adequately overlapping manner so as to reasonably ensure Plaintiff and Plaintiff Class could take and/or receive such meal periods within the statutory timeframe.  As a result, Plaintiff and Plaintiff Class were often forced to forego meal periods and/or work during their meal periods.

In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiff and Plaintiff Class in violation of Cal. Labor Code §§ 226.7 and 512 and other regulations and statutes.

32.     At all times relevant hereto, Plaintiff and Plaintiff Class have worked more than five (5) hours in a workday.

33.     At varying times relevant hereto, Plaintiff and Plaintiff Class at times have worked more than ten (10) hours in a workday.

34.     At all times relevant hereto, the Defendant, and each of them, due to their failure to schedule non-exempt positions in a manner so as to reasonably provide meal and/or work free meal periods as required by Cal. Labor Code §§ 226.7 and 512.

35.     By virtue of the Defendant's failure to schedule Plaintiff and Plaintiff Class in such a way as to provide meal periods, and/or work free meal periods to Plaintiff and Plaintiff Class thereby causing Plaintiff and Plaintiff Class to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

36.     Plaintiff individually, and on behalf of the Plaintiff Class, requests recovery of meal period compensation pursuant to Cal. Labor Code § 226.7 which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Plaintiff Class against all Defendants)

37.     Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 36 as if fully alleged herein.

38.     California Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

39.     California Labor Code section 226.7(b) provides that if an employer fails to provide employee rest periods in accordance with this section, the employer shall pay the

- 11 -

1    employee one (1) hour of pay at the employee's regular rate of compensation for each workday

2    that the rest period is not provided.

3         40.    Defendant, and each of them, failed and or refused to implement a relief system

4    by which Plaintiff and Plaintiff Class could receive rest periods and/or work free rest periods.

5    Furthermore, due to Defendant's relief system, Plaintiff and Plaintiff Class did not receive their

6    rest periods within the required statutory time frame. By and through their actions, Defendant

7    intentionally and improperly denied rest periods to the Plaintiff and Plaintiff Class in violation of

8    Cal. Labor Code §§ 226.7 and 512.

9         41.    At all times relevant hereto, Plaintiff and Plaintiff Class, have worked more than

10   four (4) hours in a workday.

11        42.    By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff

12   and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiff and Plaintiff

13   Class have suffered, and will continue to suffer, damages, in amounts which are presently

14   unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained

15   according to proof at trial.

16        43.    Plaintiff, himself and on behalf of employees similarly situated, request recovery

17   of rest period compensation pursuant to Cal. Labor Code § 226.7, which they are owed beginning

18   four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties

19   against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other

20   statute.

21   **FOURTH CAUSE OF ACTION**

22   **FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

23   **(Plaintiff and Plaintiff Class against all Defendants)**

24        44.    Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully

25   set forth herein, paragraphs 1 through 43 as if fully alleged herein.

26        45.    California Labor Code section 1174 (d), requires an employer to keep at a central

27   location in California or at the plant or establishment at which the employees are employed,

28   payroll records showing the hours worked daily, and the wages paid to, each employee. Plaintiff

- 12 -

1 | is informed, and believes that Defendant willfully failed to make or keep accurate records for

2 | Plaintiff and Plaintiff Class.

3 |     46.    California Labor Code section 226(a) states that, "every employer shall,

4 | semimonthly or at the time of each payment of wages, furnish each of his or her employees, either

5 | as a detachable part of the check, draft, or voucher paying the employee's wages, or separately

6 | when wages are paid by personal check or cash, an accurate itemized statement in writing

7 | showing: (1) gross wages earned; (2) total hours worked by the employee...; (4) all deductions...;

8 | (5) net wages; (6) the inclusive dates of the period for which the employee is paid; (7) the name

9 | of the employee and only the last four digits of his or her social security number or an employee

10 | identification number other than a social security number; (8) the name and address of the legal

11 | entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period

12 | and corresponding number of hours worked at each hourly rate by the employee..."

13 |     47.    IWC Wage Order Number 4-2001, paragraph 7(a) requires that every employer

14 | shall keep accurate information with respect to each employee, including time records showing

15 | when each employee begins and ends each work period, the total daily hours worked by each

16 | employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff

17 | is informed, and believes that Defendant willfully and intentionally failed to make and/or keep

18 | records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically,

19 | Plaintiff believes that Defendant's records do not accurately reflect where Plaintiff and Plaintiff

20 | Class worked during their meal and/or rest breaks due to Defendant's failure to schedule Plaintiff

21 | and Plaintiff Class in an overlapping manner so as to provide them with a meal and/or rest period.

22 |     48.    Plaintiff is informed, and believes that Defendant's failure to keep accurate payroll

23 | records, as described above, violated Cal. Labor Code § 1174(d) and the applicable wage order.

24 | Plaintiff and the Plaintiff Class are entitled to penalties of $100.00 for the initial violation and

25 | $200.00 for each subsequent violation for every pay period during which these records and

26 | information was not kept by Defendant.

27 |     49.    An employee suffering injury as a result of a knowing and intentional failure by

28 | an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages

- 13 -

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

50.      Plaintiff is informed and believes that Defendant's failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff and Plaintiff Class are entitled to a statutory penalty of $500.00 for Plaintiff and each member of Plaintiff Class pursuant to Cal. Labor Code § 1174.5.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**

**(Plaintiff and Plaintiff Class against all Defendants)**

51.      Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 50 as if fully alleged herein.

52.      Plaintiff and certain members of the Plaintiff Class who ended their employment with Defendants during the Class Period, were entitled to be promptly paid lawful overtime compensation and other premiums, as required by Cal. Labor Code §§ 201-203. Defendants refused and/or failed to promptly compensate Plaintiff and Plaintiff Class wages owed as a result of their failure to provide meal and/or rest periods as well as pay overtime compensation. Pursuant to Cal. Labor Code § 203, such Plaintiff and Plaintiff Class seek the payment of penalties pursuant to Cal. Labor Code § 203, according to proof.

53.      Accordingly, Plaintiff and Plaintiff Class are entitled to attorney's fees, and costs, pursuant to Cal. Labor Code § 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

**SIXTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY FOR EXPENDITURES**

**(Plaintiff and Plaintiff Class against all Defendants)**

54.      Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 53 of this Complaint.

- 14 -

55.     California Labor Code section 2802 states, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

56.     Plaintiff and the Plaintiff Class were not reimbursed by Defendant for necessary expenditures as a direct consequence of the discharge of their duties.

57.     Defendant knowingly, willingly and intentionally attempted to offset the cost of doing business on the Plaintiff and Plaintiff Class.

58.     Defendant had a corporate practice and policy of requiring Plaintiff and Plaintiff Class to shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiff and Plaintiff Class for necessary expenditures.

59.     Accordingly, Plaintiff and Plaintiff Class are entitled to an award of "necessary expenditures or losses" in accordance with Cal. Labor Code § 2802, which shall also include all reasonable costs, including, but not limited to, attorneys' fees and interest.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION LAW

### (Plaintiff and Plaintiff Class against all Defendants)

60.     Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 59 of this Complaint.

61.     California Business and Professions Code section 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

62.     California Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

63.     California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their

1    workers by failing to comply with minimum labor standards.

2         64.    Beginning at an exact date unknown to Plaintiff, but at least four years prior to the

3    filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the Unfair

4    Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and

5    acts described in this Complaint including but not limited to violations of Cal. Labor Code §§

6    204, 1197, 1198 of the 226.7 and 512 as well as other statutes.

7         65.    The violations of these laws and regulations, as well as of the fundamental

8    California public policies protecting workers, serve as unlawful predicate acts and practices for

9    purposes of Business and Professions Code § 17200 et. seq.

10        66.    The acts and practices described above constitute unfair, unlawful and fraudulent

11   Business Practices, and unfair competition, within the meaning of Business and Professions Code

12   § 17200 et. seq.  Among other things, the acts and practices have forced Plaintiff and other

13   similarly situated employees to labor for many hours without receiving the meal and rest periods

14   and overtime compensation, to which they are entitled by law, while enabling Defendant to gain

15   an unfair competitive advantage over law-abiding employers and competitors.

16        67.    As a result of Defendant's acts, Plaintiff and Plaintiff Class have suffered injury

17   in fact in being denied their statutorily entitled meal and rest periods and full compensation for

18   hours of labor.  As a result of Defendant's unlawful acts of unfair competition, Plaintiff and

19   Plaintiff Class have lost money and property in the form of a loss of wages in an amount to be

20   proven at trial.

21        68.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

22   and Plaintiff Class have suffered lost wages in an amount to be proven at trial.

23        69.    Business and Professions Code section 17203 provides that a court may make such

24   orders or judgments as may be necessary to prevent the use or employment by any person of any

25   practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to

26   prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and

27   business practices alleged above.

28        70.    Business and Professions Code section 17203 provides that the Court may restore

- 16 -

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and Plaintiff Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them, during the four-year period prior to the filing of this Complaint.

71.     Business and Professions Code section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

72.     Plaintiff's success in this action will enforce important rights affecting public interest, and in that regard Plaintiff sues on behalf of the general public, as well as himself and other similarly situated employees. Plaintiff and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

73.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code of Civ. Proc. § 1021.5 and otherwise.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS' GENERAL ACT - CAL. LABOR CODE § 2698-2699

**(Plaintiff and Plaintiff Class against all Defendants)**

74.     Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 73 of this complaint.

75.     California Labor Code sections 2698 and 2699 (The Labor Code Private Attorneys' General Act of 2004) provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions,

boards agencies or employees for a violation of the Cal. Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

76.   Whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

77.   Plaintiff and Plaintiff Class are "aggrieved employees" as defined by Cal. Labor Code § 2699 in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

78.   Prior to filing this Complaint, on July 20, 2016, Plaintiff gave written notice to the Labor and Workforce Development Agency ("LWDA") and to Mondelēz Global, LLC, of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Cal. Labor Code § 2699.3.

79.   Plaintiff asserts all of the claims in this Complaint against Defendant, individually and on behalf of all aggrieved employees of the Plaintiff Class, in his capacity as private attorney general, and seeks all statutory penalties available under the Labor Code.

80.   Pursuant to Cal. Labor Code § 2699 Plaintiff, individually and on behalf of all aggrieved employees, request and are entitled to recover from Defendant; unpaid wages, overtime compensation, rest and meal period compensation and penalties, waiting period wages and penalties according to proof, penalties for failure to keep accurate payroll records, interest, attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and 1194(a), and 1174, as well as all statutory penalties, and attorneys' fees against Defendant, including but not limited to:

        (a.)   Penalties under Cal. Labor Code § 2699 in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

        (b.)   Penalties under Code of Regulations Title 8 § 11070 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

$200 for each aggrieved employee per pay period for each subsequent violation; and

(c.)   Any and all additional penalties and sums as provided by the Labor Code and/or other statutes.

81.   In addition, Plaintiff seeks and is entitled to 50% of all penalties obtained under Cal. Labor Code § 2699 to be allocated to the General Fund, and 25% of all penalties obtained to be allocated to the Labor and Workforce Development Agency, for education of employers and employees about their rights and responsibilities under the Labor Code and 25% to all aggrieved employees.

82.   Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 2699, 218.5, 226, 1174, and1194, and any other applicable statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment as follows:

1.   For nominal damages;

2.   For restitution of all monies due to Plaintiff and Plaintiff Class, and disgorged profits from the unlawful business practices of Defendant;

3.   For waiting time penalties pursuant to *Cal. Labor Code* § 203, on behalf of the terminated or resigned employees;

4.   For penalties pursuant to *Cal. Labor Code* §§ 226, 226(e), 226.7, 512 and 1194, and as provided for by *Cal. Labor Code* § 2699;

5.   For interest accrued to date;

6.   Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

7.   Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of *Bus. & Prof. Code* §§ 17200, et seq., and declaring Defendant has unlawfully treated Plaintiff and Plaintiff Class, failed to pay all wages and overtime compensation in violation of California law, failed to pay

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

wages to former employees, Plaintiff Zamarripa, and other certain members of Plaintiff Class, failed to provide Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages, and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees Plaintiff and Plaintiff Class are entitled to;

8. For costs of suit and expenses incurred herein pursuant to *Cal. Labor Code* §§ 226 and 1194;

9. For reasonable attorneys' fees pursuant to *Cal. Labor Code* §§ 226 and 1194; and

10. For all such other and further relief as the Court may deem just and proper.

Dated: October 21, 2016                                      **MAHONEY LAW GROUP, APC**

                                                             */s/Treana Allen*
                                                             Kevin Mahoney, Esq.
                                                             Treana Allen, Esq.
                                                             Attorneys for Plaintiff MARIO
                                                             ZAMARRIPA as an individual and
                                                             on behalf of all similarly situated
                                                             employees

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION

## DEMAND FOR JURY TRIAL

Plaintiff MARIO ZAMARRIPA hereby demands a jury trial on all issues so triable.

Dated: October 21, 2016                   **MAHONEY LAW GROUP, APC**

                              By:   */s/Treana Allen*
                                    Kevin Mahoney
                                    Treana Allen
                                    Attorneys for Plaintiff MARIO ZAMARRIPA
                                    as an individual and on behalf of all similarly
                                    situated employees

CLASS ACTION COMPLAINT FOR DAMAGES INJUNCTIVE RELIEF AND RESTITUTION