Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorney for Plaintiff MARIO ZAMARRIPA, as an individual and on behalf of all similarly situated employees

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ZAMARRIPA, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>MONDELĒZ GLOBAL, LLC and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 8:16-cv-02193<br><br>**PLAINTIFFS MARI ZAMARRIPA'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned for all purposes to:<br>Hon. David O. Carter; Courtroom 9D<br><br>Date:      May 13, 2019<br>Time:      8:30 a.m.<br>Crt. Rm.   9D |

- 1 -

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 13, 2019 at 8:30 a.m., in Courtroom 9D of the United States District Courthouse located at 751 W. Santa Ana Blvd., CA 92701, pursuant to the Court pursuant to Fed. Rules Civ. Proc., rules 23, 28 U.S.C.A.(e), Plaintiff MARIO ZAMARRIPA ("Plaintiff") will move the Court for an order granting final approval of the proposed class action settlement between Plaintiff and Defendant MONDELĒZ GLOBAL, LLC ("MONDELĒZ" or "Defendant") (collectively, the "Parties") ( which is memorialized in the Parties' Joint Stipulation of Class Action Settlement ("Settlement Agreement").

Plaintiff will further move the Court for an order:

1.     Granting final approval of the Parties' Settlement in the amount of one million five hundred thousand-dollars ($1,500,000.00);

2.     Awarding a Class Counsel Award in the amount of five hundred thousand dollars ($500,000.00);

3.     Awarding Class Counsel Costs in the amount of seventeen thousand nine hundred forty-one dollars and seventy-seven cents ($17,941.77);

4.     Awarding the Class Representative Enhancement Award to the Class Representative seven thousand five hundred dollars ($7,500.00);

5.     Awarding the LWDA PAGA Allocation of ten thousand dollars ($10,000.00) of which seven thousand five hundred dollars ($7,500.00), will be apportioned to the LWDA for the State's portion of PAGA penalties, the remaining two thousand five hundred dollars ($2,500.00) will be part of the Net Settlement Fund.

6.     Awarding Phoenix Settlement Administration full costs of administration at the termination of its duties as the class notice administrator.  The total costs incurred to date, as well as involved in completing the settlement disbursement is estimated to be twenty-five thousand dollars ($25,000.00),

- 2 -

however, Phoenix Settlement Administrator has agreed to cap its costs at twenty-five thousand dollars ($25,000.00). (Declaration of Elizabeth Kruckenberg "Kruckenberg Decl." ¶ 12.)

7.     This motion is made pursuant to Federal Rule of Civil Procedure, rule 23(c)(2) and 23(e). The basis for this motion is that following meaningful discovery, both formal and informal as well as the exchange of information and participation in a private mediation, the Parties negotiated at arm's length and in good faith, a Settlement that is fair, reasonable, and adequate. To date, there have been no objections and six (6) requests for exclusion to the Settlement. (Kruckenberg Decl. ¶¶ 8, 9; Ex. B). Based upon the information obtained from the claims administrator to date, the Settlement deserves final approval by the Court.

8.     The motion will be based upon this notice, the attached memorandum of points and authorities, the Declaration of Kevin Mahoney, Mario Zamarripa and Elizabeth Kruckenberg concurrently filed herewith, the records and files in this action, and any other further evidence or argument that the Court may properly receive at or before the hearing.


Dated: April 29, 2019                    **MAHONEY LAW GROUP, APC**


                                         By:    */s/Kevin Mahoney*
                                                Kevin Mahoney
                                                Attorney for Plaintiff MARIO
                                                ZAMARRIPA as an individual and on
                                                behalf of all similarly situated employees

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff MARIO ZAMARRIPA ("Plaintiff") submits this memorandum in support of his motion for final approval of class action settlement. The Parties negotiated the proposed conditional settlement at arms' length. It is fair and reasonable and will dispose of this class action in its entirety.

## I.   INTRODUCTION

On February 13, 2019, this Court entered an order: (1) preliminarily approving the proposed Agreement to Settle Putative Class Action; (2) approving the form of Notice to the Class; and (3) setting a date for a hearing for final approval of the settlement for May 13, 2019 at 8:30 a.m. in Court Room 9D, of the above-entitled Court.

Plaintiff and a class of approximately three thousand five hundred fifty (3,550) non-exempt employees defined as: "all non-exempt employees employed by, or formerly employed by, Mondelez Global, LLC, in the positions of merchandiser, sales representative, and related positions in the State of California during the Class Period." The term "Class Period" is defined as May 23, 2012 through February 13, 2019, the date of preliminary approval.

Defendant will be required to pay the entirety of the "Net Settlement Amount" which shall be calculated by deducting from the Gross Settlement Amount of one million five hundred thousand dollars ($1,500,000.00) the following sums subject to approval by the Court: (1) Class Counsel Fees limited to 1/3rd of the Gross Settlement Amount, or five hundred thousand dollars ($500,000.00); (2) Class Counsel Costs in the amount of seventeen thousand nine hundred forty one dollars and seventy-seven cents ($17,941.77) and; (3) Class Representative Enhancement Award of seven thousand five hundred dollars ($7,500.00) to the Named Plaintiff; (4) LWDA PAGA Allocation of ten thousand dollars ($10,000.00) of which 75% of this amount, or seven thousand five hundred dollars ($7,500.00)

shall be distributed to the Labor Workforce Development Agency ("LWDA") for the LWDA's share for PAGA Penalties; and (5) Administrator Costs of twenty-five thousand dollars ($25,000.00).

Subject to Court approval, the Net Settlement Amount is estimated nine hundred forty thousand dollars ($940,000.00).

On March 22, 2019, three thousand five hundred fifty (3550) Settlement Class Members were mailed, via U.S. First Class Mail, the approved Notice of Proposed Class Action Settlement, Opt-Out Form, and Hearing Date for Court Approval. (Kruckenberg Decl. ¶ 5). Settlement Class Members were provided an opportunity to challenge the number of Qualifying Pay Periods they worked during the Class Period by providing documentation to the Class Action Administrator by April 22, 2019.

## II.   SUMMARY OF THE LITITGATION

On or about October 21, 2016, Plaintiff filed a class action lawsuit against Defendant in the Superior Court of California, County of Orange on behalf of all non-exempt positions as including, but not limited to, merchandisers, sales representatives and related positions employed by Defendant. The lawsuit alleged the following causes of action: failure to pay overtime wages; failure to provide meal periods; failure to provide rest periods; failure to keep accurate payroll records; failure to pay wages upon ending employment; failure to indemnify for expenditures; unfair competition (Cal. Business and Professions Code §§ 17200); and violation of the Private Attorney General Act (Cal. Lab. Code § 2698 et. seq.).

On December 12, 2016, Defendant removed the action to federal court pursuant to the Class Action Fairness Act of 2005. The Parties engaged in written discovery. On or about July 26, 2017, the Parties attended mediation with mediator Robert J. Kaplan, Esq. Prior to the mediation, Defendant produced a sampling of pay stubs and time records of putative class members, as well as its policies and procedures and employee handbook.  The Parties were unable to reach a settlement

at mediation. However, the Parties continued with good faith arm's-length settlement negotiations through Mr. Kaplan. However, the Parties were in continuing discussion concerning a final term, which was resolved on January 14, 2019.  Ultimately, the Parties reached a tentative agreement to resolve this matter. Plaintiffs now file the instant motion.

## III.    SUMMARY OF SETTLEMENT TERMS

•    Defendant stipulates to certification of a Class for settlement purposes only, consisting of non-exempt positions as including, but not limited to, merchandisers, sales representatives and related positions any time during the class period, which is from May 23, 2012 to the February 13, 2019;

•    There are approximately three thousand five hundred fifty (3,550) non-exempt employees Class Members;

•    Class Members may opt-out of the Settlement or object to the Settlement within thirty (30) days from the Notice Date;

•    After deducting Class Counsel fees and costs, Enhancement Awards to the Named Plaintiff, and Settlement Administration Costs from the Gross Settlement Amount, the Net Settlement Amount will be distributed and paid to Class Members that have not opted out, with each Class Member's share to be determined based on the number of workweeks worked by the Class Member relative to the number of Workweeks worked by all Class Members during the Class Period (the details of the settlement calculation method are set forth in more detail in the Parties' Settlement Agreement);

•    Any Funds from uncashed checks will revert to the Department of Industrial Relations' Unpaid Wage Fund pursuant to the procedures for un-cashed wage checks after one hundred and twenty (120) days void date;

•    Administration will be handled by third-party administrator Phoenix Class Action Administration Solutions;

•    The Settlement Administration Costs will be paid out of the Gross

MEMORANDUM OF POINTS AND AUTHORITIES

Settlement Amount;

• Defendant will not oppose an application for collective Enhancement Awards in the amount of seven thousand five hundred dollars ($7,500.00) to the Named Plaintiff to be paid out of the Gross Settlement Amount;

• Defendant will not oppose Class Counsel's application for fees that is equal to or less than the amount of five hundred thousand dollars ($500,000.00), which is 1/3rd of the Gross Settlement Amount, plus Class Counsel's actual costs, not to exceed twenty thousand dollars ($20,000.00);

• As these terms are defined under the heading "Definitions," paragraph 9, 27, and 29 of the Settlement Agreement, the "Plaintiffs" and "Class Members" will release and discharge the "Released Parties" from any and all claims;

• The Plaintiff and Class Members further agree that: (1) the "Released Parties" as that term is defined under the heading "Releases," paragraph 4 of the Settlement Agreement, shall have no further or other liability or obligation to any member of the Plaintiff and Class Members, or any other Releasing Party with respect to the Released Claims as that term is defined under the heading "Releases," paragraph 4(a) of the Settlement Agreement; (2) the Plaintiff will release those claims set forth more fully in paragraph 5 of the Settlement Agreement and waive all the protections of Cal. Civ. Code § 1542 and all similar statutes and laws; and (3) to the fullest extent allowed by law, the Plaintiff and Class Members covenant not to assert a Released Claim against the Released Parties; and

• The agreement between the Parties contemplates that Plaintiffs' will file a First Amended Complaint which will include claims under the Fair Labor Standards Act for unpaid wages as well as unpaid overtime.

• Pending this Court's final determination of whether the proposed Settlement will be approved, the Plaintiff and all members of the Class, and anyone acting on their behalf who have actual knowledge of this injunction, are barred and enjoined from instituting, commencing, or continuing to prosecute any action in this

Court, any other state court, or any arbitration or mediation proceeding or any other similar proceeding, against any Released Party that asserts any claims that would be released and discharged upon final approval of the Settlement.

## IV.   CLASS ACTION SETTLEMENT APPROVAL PROCEDURE

### A.   The Settlement Resulted from Arm's Length Negotiation

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations. See *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983). ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); *In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB) 2004 U.S. Dist. LEXIS 14822, at *34 (S.D.N.Y. July 30, 2004). ("Where 'the Court finds that the settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness'"); *In re Inter-Op Hip Prosthesis Liab. Litig.* 204 F.R.D. 330, 351 (N.D. Ohio 2001) (granting preliminary settlement approval) ("when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair"); see also 2 Herbert Newberg & Alba Conte, Newberg on Class Actions, §11.41 at 90 (4th Ed. 2002).

The proposed Settlement here is the product of attending mediation along with hours of arm's length negotiations over the course of the litigation which provided the Parties sufficient time to exchange both formal and informal discovery. In addition, the Parties reached the Settlement only after an extensive exchange of information and investigation.

Specifically, Plaintiff's counsel obtained a significant amount of information, including written policies, time keeping records, payroll records, wage statements, and time sheets. Defendant produced hundreds of pages of time records and corresponding compensation records. Furthermore, Counsel for the Parties attended mediation and held multiple conferences addressing the merits of the respective

MEMORANDUM OF POINTS AND AUTHORITIES

Parties claims in light of the documentary evidence adduced in the litigation.

Armed with this extensive body of knowledge and analysis, and after mediation with mediator Rob Kaplan, the Parties subsequently reached an agreement in principle on January 14, 2019, to resolve all disputes in this matter. At all times, the negotiations leading to the Settlement have been adversarial, non-collusive and at arm's length.

Liability remains highly contested by Defendant, who deny that it engaged in any violations of the law in connection with wage and hour practices, and further deny that it has any liability or engaged in wrongdoing of any kind associated with the claims alleged in the action by Plaintiff or any member of the Settlement Class. Defendant contends that it complied with all California wage and hour laws at all times in connection with the employment and/or retention of services of Plaintiff and the Settlement Class.

Defendant further maintained that class certification is not appropriate as to the meal and rest period claims because whether employees were prevented from taking a meal or rest break on a given day was in their view an individualized issue, and that the meaning of "provide" as determined by the Supreme Court in the Brinker Restaurant case supports their position. See *Brinker Rest. Corp. v. Sup. Ct.* 53 Cal.4th 1004 (Cal. 2012). Additionally, Defendant vigorously argued that certification was improper as to Plaintiff's remaining claims, including drive time, overtime claim and argued that individualized issues precluded class certification as to all of Plaintiff's claims.

Plaintiff's counsel understood and appreciated the defenses and position of Defendant, but believed Plaintiff would ultimately succeed in the action. In light of the strongly divergent views, the Parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. The negotiations were at all times conducted professionally and at arm's length, and have produced a result that the Parties believe to be in their respective best interests.

The Parties also took into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff is also aware of the burdens of proof necessary to establish liability for the claims asserted in the action, the defenses thereto, the difficulties in establishing damages for Plaintiff, and the potential challenges to bringing a motion for class certification. Proceeding with this litigation poses various risks including possible decertification, the uncertainty of proceeding on a class basis through trial, the risk of establishing class-wide damages, overcoming Defendant's defenses and the always present possibility of appeals.

In the event that Defendant prevailed, the class would face a zero recovery. Alternatively, this Settlement provides immediate and substantial relief to the Settlement Class. As the individual claims are rather modest, individual class members are unlikely to retain counsel and bring forth these claims on an individual basis.  The Settlement affords Settlement Class Members substantial relief while avoiding significant risk which might prevent the Class from obtaining any recovery.

## B.   The Settlement Has No Obvious Deficiencies

This proposed Settlement has no obvious deficiencies.   The Settlement provides no preferential treatment for Plaintiff or other members of the Settlement Class.  Plaintiff will receive a distribution from the settlement proceeds calculated in the same manner as the distributions to all other Settlement Class Members, plus any incentive award approved by the Court.  Moreover, as discussed in more detail below, the settlement does not mandate excessive compensation for Class Counsel. Class Counsel will apply for an award of attorneys' fees limited to 33% of the Gross Settlement Amount, and an award of reasonable costs of seventeen thousand nine hundred forty-one dollars and seventy-seven cents ($17,941.77), subject to Court approval.  Under no circumstances will Plaintiff's counsel's fees and costs exceed the amount of money paid to Settlement Class Members in consideration for their

released claims.

### C. The Settlement Falls Within the Range of Possible Approval

The Settlement represents a fair and reasonable resolution given the substantial risks, expense and delay of continued litigation versus the certain and immediate recovery for the Settlement Class Members.  Indeed, if the matter were to proceed to trial, the apparent strength of a case is no guarantee against a defense verdict.

After deducting attorney fees, anticipated litigation costs, the PAGA award, and anticipated administration costs, the estimated Net Settlement Amount is nine hundred forty thousand dollars ($940,000.00). As there are three thousand five hundred fifty Class Members participating in the settlement, the average claimed amount for Class Members is two hundred sixth five dollars and twenty-four cents ($265.24). (Kruckenberg Decl. ¶ 11). Therefore, Settlement Class Members will receive real money as a result of this Settlement.

### D. The Settlement is Non-Reversionary

The entire Net Settlement Amount will be paid out directly to Participating Settlement Class Members, and Defendant will retain no portion of that sum.  Based on the 3350 Settlement Class Members, each Class Member will receive on average two hundred sixty-five dollars and twenty-four cents ($265.24). (Kruckenberg Decl. ¶ 11.)  Settlement Class Members are not required to file a claim form to participate in the Settlement.

At the final approval stage, "an allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by 'experienced and competent' class counsel."  *In re Am. Bank Note Holographics, Inc.*, Sec. Litig., 127 F.Supp.2d 418, 429-30 (S.D.N.Y. 2001).  Here, there is clearly a rational basis for the distribution formula.

### E.   The Class Representative Payment, Class Counsel Fee and Class Litigation Expense Reimbursement

Plaintiff herein is filing a separate motion seeking: 1) a Class Representative enhancement payment of seven thousand five hundred dollars ($7,500.00) to the Named Plaintiff in addition to his share of the Net Settlement Amount; 2) the fees award for Class Counsel in the amount of five hundred thousand dollars ($500,000.00) (or 1/3rd) of the Gross Settlement Fund) and; 3) reimbursement of litigation expenses of seventeen thousand nine hundred forty one dollars and seventy-seven cents ($17,941.77). The justification for the attorneys' fees, costs, and Class Representative Enhancement/Incentive are discussed in detail in Plaintiffs' application for fees and enhancement and the supporting declarations of Kevin Mahoney and Plaintiff Mario Zamarripa and filed concurrently.

## V.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests this Court to enter an order:

1.   Granting final approval of the Settlement;

2.   Granting final approval of the payment of twenty-five thousand dollars ($25,000.00) to Phoenix from the Gross Settlement Amount for the administration of the settlement;

3.   Granting final approval of the Class Counsel fees, costs, and Named Plaintiff incentive payment in the amounts requested in the concurrently filed motion;

4.   Entering Judgment in this action in the form to be lodged with the court prior to the hearing for final approval;

5.   Retaining jurisdiction over the implementation, interpretation, administration, and consummation of the settlement under Federal Rule of Civil Procedure section 23(c)(2) and 23(e).

6.   Granting such other and further relief as the Court deems just and

proper.

Dated: April 30, 2019                              **MAHONEY LAW GROUP, APC**

                                   By:    */s/ Kevin Mahoney*
                                          Kevin Mahoney, Esq.
                                          Attorneys for Plaintiff